RUCKER, J.,
concurring.
I coneur in the majority opinion. I write separately to express my view that but for invited error, Baugh would be entitled to relief. I read Indiana Code section 35-38-1-7.5(e) as mandating a hearing at which the two court appointed experts "testify"; and that the trial court's sexually violent predator determination must be based on a consideration of the experts' "testimony." See Id.; see also Marlett v. State, 878 N.E.2d 860, 871 (Ind.Ct.App.2007) (observing that as a result of a 2007 amendment to the statute: "No longer can an SVP determination be made on the basis of paper reports ...."), trans. denied.[3] Indeed, although citing Baugh's procedural default in this case, the State otherwise concedes as much. See Br. of Appellee at 5 n.1 ("The State acknowledges that the statute requires live testimony from the evaluating doctors and that the evaluating doctors did not testify in this case."). Thus had Baugh requested the live testimony of the experts, the trial court would have been compelled to honor the request. Here the State contends that Baugh waived this issue "because he failed to object" at sentencing. Br. of Appellee at 4. But Baugh did more than merely fail to object. As the majority correctly points out Baugh affirmatively invited the trial court to make its sexually violent predator determination based in part on "the doe-tors' reports." Op. at 1280 (quoting Tr. at 429-80). The trial court obliged Baugh. He cannot now be heard to complain.[4]
SHEPARD, C.J., and SULLIVAN, J., join.

. A sexually violent predator ("SVP") is defined as "a person who suffers from a mental abnormality or personality disorder that . makes the individual likely to repeatedly commit a sex offense." Indiana Code § 35-38-1-7.5.

. I also note in passing Baugh makes no claim that the evidence was insufficient to sustain the trial court's determination that he met the statutory definition of "sexually violent predator" under Indiana Code § 35-38-1-7.5.